IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No.   20-cv-01201

MICHAEL HALL,

    Plaintiff,

v.

QUOTEWIZARD.COM LLC and
JANE DOES 1-5,

    Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Quotewizard.com LLC ("QuoteWizard") hereby removes this action from the Twelfth Judicial District Court for Otero County, New Mexico, to the United States District Court for the District of New Mexico. In support of this Removal, QuoteWizard states as follows:

### I.   PROCEDURAL BACKGROUND

1. On October 12, 2020, Plaintiff Michael Hall ("Plaintiff") filed a Complaint in the Twelfth Judicial District Court, Otero County, New Mexico in the case captioned *Michael Hall v. QuoteWizard.com LLC and Jane Does 1-5*, Case No. D-12-CV-2020-00733.  A copy of the Complaint is attached hereto as **Exhibit A.**

2. This action involves allegations that QuoteWizard placed telephone calls to him through the use of an automatic telephone dialing system without his consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA").  *See generally,* Complaint. Specifically, he alleges that QuoteWizard placed automated calls to his cell phone using a pre-

recorded message and/or an auto-dialer. Compl. ¶ 15, 17. Plaintiff alleges that the calls were harassing, an invasion of his privacy and an obnoxious nuisance that cost him electricity to recharge his phone. Compl. ¶ 20.

3.  The Plaintiff asserts the following causes of action against QuoteWizard: (1) violations of the New Mexico Unfair Practices Act (the "UPA"); (2) violations of 47 U.S.C. § 227(b); (3) violations of 47 U.S.C. § 227(c); (4) trespass to chattels and (5) civil conspiracy.

## II.  BASIS OF REMOVAL

4.  Pursuant to 28 U.S.C. sections 1331 and 1441, this Court has original jurisdiction over Plaintiff's TCPA claims.

5.  Defendant is entitled to remove Plaintiff's TCPA claims to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7.  Plaintiff asserts two causes of action arising under a federal statute- the TCPA - creating federal question jurisdiction in this case. Claims based on alleged TCPA violations are a recognized ground for removal. *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012) (U.S. district courts have federal-question jurisdiction over TCPA claims under 28 U.S.C. § 1331).

8.  This Court also has supplemental jurisdiction over Plaintiff's state UPA claim and common law claims claim by virtue of the Court's original jurisdiction over the TCPA claim. *See*

28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

9. This Court should exercise supplemental jurisdiction over Plaintiff's UPA claim (Count 1), trespass to chattels claim (Count 4) and civil conspiracy claim (Count 5) because all of the claims asserted in the Complaint arise from the same alleged operative facts, involve substantially similar questions of law or fact, and form part of the same case or controversy. Specifically, all of the claims asserted in the Complaint relate to Plaintiff's allegations that the Defendant made unlawful phone calls to his telephone without his consent.

10. Based on the foregoing, all claims alleged in the Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1367.

### III.   COMPLIANCE WITH REMOVAL STATUTES

**A. Removal is Timely**

11. QuoteWizard was served with the Complaint on October 19, 2020. *See* **Exhibit B**. Summons.

12. Accordingly, removal is timely as Defendant removed the action within 30 days from receipt of the pleadings.

**B. Venue is Proper**

13. The United States District Court for the District of New Mexico encompasses Otera County, the county in which the subject incident occurred and the county in which the State Court Action was filed. *See* 28 U.S.C. § 124. Therefore, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

**C. Notice**

14. A copy of all process, pleadings, and orders served upon Defendant are attached to the Notice of Removal as **Exhibit C.** *See* 28 U.S.C. § 1446(a); D.N.M.LR-Civ. 81.1(a).

15. Promptly after filing the instant Notice of Removal, Defendant will give written notice to all adverse parties and will file a copy of the Notice with the clerk of the Twelfth Judicial District Court, Otero County, New Mexico.

WHEREFORE, Defendant QuoteWizard.com, LLC pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, respectfully removes this action from the 12th Judicial District Court, Otero County, New Mexico, to the United States District Court for the District of New Mexico.

*/s/ Darin J. lang*
Darin J. Lang (Bar No. 148405)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1400 Wewatta Street, Suite 500
Denver, Colorado 80202
darin.lang@nelsonmullins.com

*Attorney for Defendant QuoteWizard.com LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2020, a true and correct copy of the foregoing was filed through the court's CM/ECF system and served on the following via electronic mail:

Sid Childress
1925 Aspen Dr. #600A
Santa Fe, NM 87505
childresslaw@hotmail.com
*Attorney for Plaintiff*

*/s/ Darin J. Lang*