# EXHIBIT A

FILED
12th JUDICIAL DISTRICT COURT
Otero County
10/12/2020 2:25 PM
KATINA WATSON
CLERK OF THE COURT
Leticia Santos McPherson

STATE OF NEW MEXICO
OTERO COUNTY
TWELFTH JUDICIAL DISTRICT COURT

MICHAEL HALL,

          Plaintiffs,

v.

QUOTEWIZARD.com LLC and Jane Does 1-5,

          Defendants.

case no.  D-1215-CV-2020-00733

Counts, James Waylon

## COMPLAINT FOR VIOLATIONS OF THE UNFAIR PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

TO THE HONORABLE COURT:

1. Plaintiff Michael Hall ("Plaintiff") is a real person who may be contacted through his undersigned attorney.

2. Plaintiff brings this action in accordance with New Mexico state-law and the anti-harrassment provisions of the Telephone Consumer Protection Act ("the TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing. *See.Mims v. Arrow Fin. Servs.,-LLC,* 132 S. Ct. 740, 745 (2012).

3. The TCPA and the FTC's Telemarketing Sales Rule ("the TSR") established the National Do-Not-Call Registry ("the Registry"). The Registry allows people to list their telephone numbers and thereby indicate their instructions to NOT receive telephone solicitations. *See* www.donotcall.gov

1

4. Telemarketers are required by law to subscribe to and comply with the Registry. NMSA § 57-12-22(C); 47 U.S.C. § 227(C)(3)(F-G); 16 C.F.R. Part 310; 47 C.F.R. § 64.1200(c).

5. "[U]nwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the FCC. *See Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780 ¶1 (July 10, 2015).**1**

6. "39 percent of adults were wireless-only in the second half of 2013[.]" *Id.* at paragraph 7. Nearly 50% of all calls to cell phones are now robocalls.**2**

7. The New Mexico Unfair Practices Act ("the UPA") and the TCPA each established private rights of action to receive statutory damages for unlawful robocalling and for violations of the Registry's implementing regulations.

## Venue and Jurisdiction

8. Plaintiff and his telephone were in the State of New Mexico at the time of the illegal telemarketing the subject of this Complaint that Defendants and/or their agents harassed him with. Plaintiff resides in Otero County. Venue is proper and the Court has subject matter jurisdiction.

9. Defendants do business within New Mexico because Defendants or their agents regularly, repeatedly telephone the phones of New Mexicans located within New Mexico for the purpose of advertising products and services. Defendants authorized and approved telemarketing to sell products and services throughout the State of New Mexico. By directing telemarketing phone

---

1. The FCC defines "robocalls" as "calls that require consumer consent" including "calls made either with an [autodialer] or with a prerecorded or artificial voice". *Rules Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling and Order released on 7/10/15, 30 FCC Rcd. 7961, fn 1.

2. Senate Committee (US) on Commerce, Science and Transportation, Report 116-41 issued on 5/21/19 for the Telephone Robocall Abuse Criminal Enforcement and Deterrence Act, page 2 with citations.

2

calls into the forum state, Defendants made themselves subject to the specific personal jurisdiction of the courts of the forum state.

10. Defendant QuoteWizard.com LLC ("Quote" or "Defendants") is a Delaware limited liability company with operations and a principal place of business in Colorado, that should be served a Summons by service on its registered agent InCorp Services Inc. at 36 South 18th Ave #D, Brighton, CO 80601.

11. Defendants Jane Does 1-5 ("Jane Does" or "Defendants") are real persons or entities who substantially directed, operated, controlled and/or participated with the other Defendants named above in the telemarketing conspiracy described in this Complaint that harassed Plaintiff, including the callers who actually initiated the calls at issue to Plaintiff. Their identities and whereabouts will be discovered so that process can be duly served on them.

### The Illegal Phone Calls to Plaintiff Defendants are Responsible For

12. One of Plaintiff's telephones is a wireless or cell phone assigned the number **575-446-2702**. All references herein to Plaintiff's phone refer to their wireless or cell phone assigned the number 575-446-2702. All robocalls described below were made to Plaintiff's cell phone.

13. On July 23, 2020 Quote called Plaintiff's phone with a device that caused Plaintiff's Caller ID to display the phone number "575-329-4042".

14. "575-329-4042" is a legitimate phone number used and controlled by Quote for communications to and from consumers.

15. The call to Plaintiff on July 23, 2020 was an automated call that also used a pre-recorded message.

3

16. One or more of the Jane Does is a lead-generator who falsely told Quote it had Plaintiff's consent to robocall Plaintiff.

17. Jane Does themselves have repeatedly robocalled Plaintiff using an auto-dialer, or have caused others to repeatedly robocall Plaintiff.

18. The calls to Plaintiff described above were telephone solicitations Defendants made or caused to be made to encourage the purchase of auto insurance for personal or household use.

19. Plaintiff never gave prior express written consent to receive telephone solicitations from Defendants and has never had any prior relationship with Defendants.

20. Defendants' calls complained of herein aggravated and harrassed Plaintiff, wasted his time, invaded his privacy, disrupted his days, were an obnoxious nuisance and cost Plaintiff electricity to recharge his phone.

21. Defendants do not subscribe to or comply with the Registry.

22. Defendants have not adopted or implemented policies or practices to comply with the TSR.

23. Defendants do not train or supervise their Jane Does for telemarketing compliance.

24. Telemarketing to phone numbers listed on the Registry results in consumer complaints. Based on the numbers of consumer complaints to and about their telemarketers Jane Does, Defendants had an actual awareness or should have had an actual awareness that their agents actually making or initiating telephone solicitations, including the calls to Plaintiff described above, telephone people who object to the calls, to people who did not consent to them, and to people whose telephone numbers are listed on the Registry.

25. Quote is aware that consumers it calls including Plaintiff did not actually consent to the calls, because the phone numbers it uses to robocall consumers including 575-329-4042 allow them to call back and complain about the calls.

26. Defendants gave and continue to give substantial assistance or support to Jane Does and each other while knowing, consciously avoiding knowing or being recklessly indifferent to the fact that they are all engaged in acts or practices that violate the UPA, TCPA and the FTC's Telemarketing Sales Rule ("the TSR").

27. Defendants' conduct set forth herein and directed at Plaintiff in New Mexico was knowing and willful.

28. Defendants' conduct set forth herein and directed at Plaintiff in New Mexico was intentional, conscious, deliberate and volitional.

29. Plaintiff's phone number referred to above that Defendants or their co-conspirators repeatedly called, has at all relevant times been continuously listed on the National Do-Not-Call Registry ("the Registry").

30. All the telephone solicitations to Plaintiff described above occurred within a single 12-month period.

### Defendants' Direct or Vicarious Liability

31. For 25 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995). *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability.

*Mohon v. Agentra LLC*, 400 F.Supp.3d 1189, 1226 (D. NM 2019). The FCC has rejected a narrow view of liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.*

32. "[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case*** . . . . . . As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy." May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

33. A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendants so they could all profit from a common enterprise in which they all substantially participated.

34. Quote is either directly responsible for one or more of the calls described above or it is vicariously liable for the calls complained of by Plaintiff herein because it:

    a)     authorized Jane Does to initiate the phone calls;

    b)     directly or indirectly controlled the persons who actually made or initiated the calls;

    c)     allowed the telemarketers access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell using robocalling;

    d)     allowed the telemarketers to enter or provide consumer information into Defendants' sales or operational systems;

e) approved, wrote, reviewed or participated in developing the telemarketing sales scripts;

f) Defendants reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; OR

g) Defendants gave substantial assistance or support to Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that Jane Does were engaged in acts or practices that violated the TCPA, the UPA and/or TSR.

35. Defendants ratified the robocalls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were calling phone numbers listed on the Registry without complying with the Registry.

## FIRST SET OF CLAIMS FOR RELIEF - UPA Violations

36. Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act ("the UPA") to recover his statutory damages for each violation of the UPA and his attorney fees. As set forth above Defendants' conduct was knowing and/or willful therefore Plaintiff is entitled to and should be awarded treble his statutory damages.

37. The calls to Plaintiff described above violated NMSA §57-12-22(A)(1) and §57-12-22(C)(1). Plaintiff should be awarded $300 for each separate and distinct violation of the statute.

38. Each call to Plaintiff from Defendants the subject of this matter was also an actionable unfair or deceptive trade practice because each call violated § 310.4 of the Telemarketing Sales Rule.

39. Defendants additionally distinctly violated the UPA because pursuant to 16 C.F.R. §310.3(b): "It is a deceptive telemarketing act or practice and a violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§310.3(a), (c) or (d), or §310.4 of this Rule."

## SECOND SET OF CLAIMS FOR RELIEF - Violations of the TCPA's Subsection B

40. The foregoing acts and omissions of Defendants or their agents on their behalf constitute multiple violations of 47 U.S.C. § 227(b) and its implementing regulations.

41. Plaintiff is entitled to and should be awarded against Defendants $500 in damages for each and every violation of the TCPA's Subsection B and its implementing regulations. Because Defendants' conduct set forth above was knowing and/or willful Plaintiffs are entitled to and should be awarded treble damages of up to $1,500 for each and every violation.

## THIRD SET OF CLAIMS FOR RELIEF - Violations of the TCPA's Subsection C

42. Defendants or Defendants' agents on Defendants' behalf made telephone solicitations to Plaintiff more than once within 12 months despite the fact his phone number Defendants or their agents called has been continuously listed on the Registry at all relevant times.

43. For each of Defendants' calls to Plaintiff the subject of this Complaint, Plaintiff should recover up to an additional $1,500 pursuant to 47 U.S.C. § 227(C).

## COMMON-LAW CLAIMS

44. Plaintiff hereby sues Defendants for trespass to chattels and for their civil conspiracy to direct an illegal telemarketing campaign into the State of New Mexico and to Plaintiff in particular.

45. As set forth and described above, Defendants' conduct was knowing, willful, wanton, reckless and/or intentional with conscious or deliberate disregard of Plaintiff's right to not be subjected to Defendants' illegal harassment.

46. Plaintiff should have and recover judgment against Defendants for all his actual damages or all his statutory damages, and for an amount of nominal plus exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendants or others.

47. Telemarketing campaigns generally place calls to hundreds or thousands of potential customers *en masse*. The Court should allow discovery regarding Defendants' net worth and the scope of Defendants' telemarketing as described above into the State of New Mexico, in order to set an appropriate amount of exemplary or deterrent damages considering the extent of unlawful harassment by Defendants and their ability to pay.

WHEREFORE, Plaintiff prays for entry of judgment for - his statutory, actual and/or treble damages sufficient in size to set an example and deter in the future the conduct complained of by Defendants or others. Plaintiff prays for appropriate exemplary or deterrent damages and for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

RESPECTFULLY SUBMITTED,

By:  /s/ Sid Childress

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff