IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL HALL and JAMES HALL,

        Plaintiff,

v.                                           Case No. 20-CV-1201 WJ/KRS

QUOTEWIZARD.COM LLC and Jane Does 1-5,

        Defendants.

## **PROTECTIVE ORDER**

The parties in this case seek discovery they contend is relevant to their claims and defenses, including discovery of documents and information that may be confidential or proprietary.   The Court finds there is good cause for this Order because it will allow for the protection of proprietary and confidential information, will facilitate the exchange of discovery between the parties, and because this Order contains a procedure that is adequate for any party or non-party to challenge any designation of information as confidential or subject to protection.

1.    <u>Scope</u>.  All materials produced, received or exchanged in the course of discovery in the above-entitled and numbered cause including deposition testimony (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.

2.    <u>Confidential Information</u>.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL", "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" that falls within one or more of the following categories:  (1) information the disclosure of which would create a risk of harm to the competitive position of the person the information is about, that could not be

avoided by less restrictive means;  (2) information that the party is contractually obligated to maintain in confidence;  (3) personal identifying information;  or  (4) communications, income or asset information of the parties.  Information or documents that are available to the public may not be designated as Confidential Information.

3.     <u>Designation</u>.

    a.     A party may designate a document or information as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL", "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document, or by otherwise designating the document CONFIDENTIAL.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The "CONFIDENTIAL" designation shall be applied prior to or at the time the documents are produced or disclosed.  In the event a party produces information electronically or in native format, this designation may be made by designating the delivery device (thumb drive, CD, etc.) as "CONFIDENTIAL", "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL- ATTORNEY'S EYES ONLY".

    b.     Applying the designation of confidentiality to a document or information does not mean that the document or information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents containing any markings of confidentiality shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of

2

marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

     c.     The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4.    <u>Depositions</u>.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following:  No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

5.    <u>Protection of Confidential Material</u>.

     a.     General Protections.  Confidential Information shall not be used or disclosed by the parties or counsel for the parties for any purpose whatsoever other than in this litigation, including any appeal thereof.

     b.     Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information except as set forth in subparagraphs "i." through "x."  below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        i.     <u>Counsel</u>. Counsel for the parties and employees of counsel who have responsibility for the action;

3

ii.    <u>Parties</u>. Individual parties and employees of a party but only to the extent counsel determines in good faith that the person's assistance regarding the information is reasonably necessary to the conduct of this litigation;

iii.    <u>The Court and its personnel</u>;

iv.    <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions;

v.    <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored information;

vi.    <u>Consultants and Experts</u>. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action.

vii.    <u>Witnesses at Depositions</u>. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

viii.    <u>Author or Recipient</u>. The author or recipient of the document (not including a person who received the document in the course of litigation);

ix.    Mediators and their assistants.  Any mediator and their staff jointly retained by the parties to assist in settlement facilitation; and

x.    <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c.    The parties and counsel for the parties shall not disclose or permit the disclosure of any confidential information except as set forth above.

6.    <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7.    <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.   No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8.    <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the court's local rules.

9.     <u>Challenges to a Designation as Confidential Information</u>.  The designation of any material or document as Confidential Information is subject to challenge by any party or non-party. The following procedure shall apply to any such challenge.

a.     <u>Meet and Confer</u>.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

b.     <u>Judicial Intervention</u>.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     <u>Action by the Court</u>. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     <u>Use of Confidential Documents or Information at Trial</u>.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the

Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     Subpoenas or Orders to produce confidential information.   The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     Obligations at Conclusion of Litigation.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  Following the conclusion of the litigation, each Party agrees to take all reasonable steps to destroy or archive confidential information so as to prevent its disclosure or dissemination.

14.     Third Parties Producing Information.  Any third party producing information for use in this action may brand information in accordance with this Order and the information shall be subject to the terms and conditions of this Order.

15.     <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.   Persons may be required to sign a Certification and Acknowledgment of receipt and understanding of this Order before they receive confidential information.

         IT IS SO ORDERED, by:


_____

HON. KEVIN R. SWEAZEA
United States Magistrate Judge




Submitted  By:

/s/ Sid Childress

_____
Sid Childress, Lawyer
1925  Aspen  Dr.  #600A
Santa  Fe,  NM  87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

Approved by:

QuoteWizard.com, LLC,
By its attorneys,

<u>*/s/ Kevin P. Polansky (PHV)*</u>
Darin J. Lang (N.M. Bar No. 148405)
NELSON MULLINS RILEY & SCARBOROUGH LLP

8

1400 Wewatta Street, Suite 500
Denver, Colorado 80202
darin.lang@nelsonmullins.com

Kevin Polansky *Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, 35th Floor
Boston, Massachusetts 02111
Kevin.polansky@nelsonmullins.com

*Attorneys for Defendant QuoteWizard.com LLC*

9